**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **TERRANCE J. NERO,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:20-cv-445 |
| ) | |
| **HIGHWOODS PROPERTIES, INC.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff, Terrance J. Nero ("Mr. Nero" or "Plaintiff"), by counsel, hereby alleges the following causes of action:

## INTRODUCTION

1. Mr. Nero brings causes of action under the Americans with Disabilities Act of 1990 (the "ADA"), as amended, 42 U.S.C. § 12101 *et seq.*, against Defendant, Highwoods Properties, Inc. ("Defendant"), arising from the termination of Mr. Nero's employment based on Mr. Nero's disability and/or in retaliation for reporting discrimination on the basis of his disability.

## PARTIES

2. Mr. Nero is a natural person and a citizen of the Commonwealth of Virginia, residing in Henrico County, Virginia.

3. Defendant, Highwoods Properties, Inc. ("Highwoods" or "Defendant"), is a Maryland corporation with its principal office located in Raleigh, North Carolina. Defendant has an office located in Henrico County, Virginia, at which Defendant formerly employed Mr. Nero.

4. Defendant is an employer as defined by 42 U.S.C. § 12111(5)(A) and 29 U.S.C. § 630(b).

## JURISDICTION AND VENUE

5. On February 27, 2020, Mr. Nero timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and, pursuant to a work sharing agreement, with the Virginia Division of Human Rights.

6. On or about March 19, 2020, the EEOC issued a Notice of Right to Sue to Mr. Nero.

7. Mr. Nero timely filed this action less than ninety (90) days after receipt of the Notice of Right to Sue.

8. This Court has subject matter jurisdiction pursuant to the ADA and ADEA.

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because causes of action arise under the ADA and ADEA, laws of the United States.

10. Venue for this action lies properly in the United States District Court for the Eastern District of Virginia, Richmond Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Mr. Nero's claims occurred in Henrico County, which is a territory included within those assigned to the Richmond Division of the Eastern District of Virginia.

## FACTUAL BACKGROUND

11. Defendant employed Mr. Nero from June 2000 to October 29, 2019.

12. At the time of the termination of his employment, Mr. Nero was a Senior Property Manager for Defendant.

13. At all times, based his education, training, and many years of experience, Mr. Nero was qualified and satisfactorily performed his job duties for Defendant.

14. On March 11, 2010, an unidentified individual shot Mr. Nero in the face/head through a window from outside Mr. Nero's home while Mr. Nero was in his kitchen (the "Incident").

15. Due to the Incident, Mr. Nero suffered, and continues to suffer from, severe physical impairments, including, but not limited to, facial deformity, involving his teeth, upper jaw, tongue, left eye, nose, and mouth, which impacts his speech and physical features, and requires a breathing tube in his neck for future surgeries.

16. The left quadrant of Mr. Nero's face was destroyed, including the left eye socket, left cheek bone, upper jaw, nose, lower jaw, and all adjoining tissue and muscle. Mr. Nero lost his entire upper jaw; fragments of his nose cartilage; the front half of his tongue; the front half of his lower jaw; his ability to smell; and most, if not all, feeling in the area below his eyes, including all surrounding tissue and surface skin and the entire interior of his mouth and nose, which prevents him from feeling hot or cold.

17. Mr. Nero's nasal passages are significantly collapsed causing periods of shortness of breath and the need to stop physical activity from time to time.

18. In addition, Mr. Nero suffers impaired vision, including blurred vision due to the dislocation of his left eye; excessive watering and burning due to the sagging of his lower eyelid; double vision; the inability to read small print without a magnifying glass. Mr. Nero's ability to focus is delayed due to the tissue and muscles in his left eye being damaged.

19. Mr. Nero has difficulty eating and drinking due to the lack of feeling in mouth, the loss of half his tongue, and the loss of all but seven (7) teeth. Mr. Nero must cautiously consume food. Additionally, Mr. Nero must use a straw to drink. As such, Mr. Nero takes much longer to eat and drink.

20. Mr. Nero also has significant hearing loss, requiring him to ask people to repeat themselves many times and to avoid loud environments.

21. Further, Mr. Nero had the fibulas removed from both of his legs to reconstruct his upper jaw. The removal of his fibulas has caused Mr. Nero mobility impairment, including an adjusted gait; a slowed walking pace; reduced stamina; pain and weakness in his legs; pain and cramps in his feet; and shortness of breath. As a result, Mr. Nero, through his doctor, has sought and receives handicap parking considerations as provided by the Commonwealth of Virginia Department of Motor Vehicles .

22. Mr. Nero's physical impairments substantially limits his numerous major life activities compared to most people in the general population, including, but not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, reading, concentrating, thinking, communicating, and working.

23. Since the Incident, Mr. Nero's assailant has yet to be apprehended by the police, and the Henrico County Police Department now considers Mr. Nero's case a cold or closed case.

24. Since the Incident, Mr. Nero's permanent injuries and physical handicap and disability have been well-known to Defendant and its employees.

25. Mr. Nero's permanent injuries and physical handicap and disability have come up often at work over the years.

26. In April 2018, Jane DuFrane, Director of Leasing for Defendant, yelled at Mr. Nero in the workplace parking lot in front of another co-worker, stating, "what do you have to do to get to park in a handicapped parking space?", or words to that effect. Ms. DuFrane was aware of Mr. Nero's physical handicap and disability. Mr. Nero responded, "if you like I can provide you a

roadmap so you can get one too," or words to that effect. The coworker responded, "I bet you can," or words to that effect. This interaction took place in front of other individuals as well.

27. The following day, Mr. Nero reported Ms. DuFrane's comment and his concern regarding her discriminatory behavior to his immediate supervisor, Dean Squires. In addition, Mr. Nero reported Ms. DuFrane's conduct to Sara Packard, a Human Resources representative. Mr. Nero never received a follow-up response from Human Resources.

28. Several months later, Ms. DuFrane entered Mr. Nero's office unannounced and berated Mr. Nero for allegedly failing to properly attach a three-year-old e-mail to a property file. Ms. DuFrane's actions were unexpected and shocking, and further she had no authority or control over Mr. Nero related any issue, much less filing of emails.

29. Later that day, Mr. Nero again reported Ms. DuFrane's inappropriate behavior regarding her beratement of him as to the three-year-old e-mail filing issues to his direct supervisor, Dean Squire. Thereafter, Mr. Squires spoke with Ms. DuFrane, who said she was sorry, and she would personally apologize to Mr. Nero. Ms. DuFrane never apologized to Mr. Nero.

30. In September 2018, Ms. DuFrane suddenly quit work. However, three days later, Walton Makepeace (male), then Vice President of the Richmond Division, with whom Ms. DuFrane had well-known conflicts, was abruptly terminated and replaced by Ms. DuFrane.

31. In April 2019, Mr. Nero received an overall satisfactory rating on his performance evaluation by Mr. Squires, but this evaluation did not contain the normal encouraging comments, as it was reviewed by Ms. DuFrane.

32. In the months of June and July 2019, Mr. Nero undertook a project to place billboard advertisements around the Richmond metropolitan area along major interstate highways

requesting any information that might lead to the arrest of his assailant. The proposed billboards contained Mr. Nero's name.

33. As part of this effort, and out of concern for his job, Mr. Nero raised the issue of the proposed billboards in advance with Mr. Squires and Ms. DuFrane. Subsequently, Ms. DuFrane advised Mr. Nero that Jeff Miller, corporate counsel, and Sara Packard, Human Resources representative, had to review and approve his request due to the placement of his name on the billboard. After some weeks of delay, Mr. Nero received permission to proceed with the billboard project.

34. In mid-August 2019, without any prior warnings or notice, Mr. Squires and Ms. DuFrane surprisingly disciplined Mr. Nero for an alleged budget issue. This disciplinary action was uncommon and unusual, especially with Ms. DuFrane present. On information and belief, this disciplinary action was at the behest of Ms. DuFrane, and as part of her ongoing efforts to retaliate against Mr. Nero.

35. Mr. Nero has worked with Mr. Squires as his immediate supervisor for over twenty (20) years. Mr. Squires always calmly spoke to Mr. Nero well in advance of any perceived performance issues, if any, to ascertain the facts of the situation and to resolve any issue without discipline. Consequently, the meeting in August 2019 was entirely out of the norm and out of character for Mr. Squires.

36. Later, Mr. Squires, apparently recognizing the unusual and false disciplinary action taken against Mr. Nero by Ms. DuFrane, advised Mr. Nero that "we would get through this," or words to that effect, implicitly acknowledging Ms. DuFrane's efforts to retaliate against Mr. Nero.

37. In addition, the alleged budget issue was a common problem among similarly situated employees of Defendant, including Mr. Squires. However, Ms. DuFrane did not discipline other, nondisabled employees for similar alleged errors.

38. On October 29, 2019, Mr. Nero had a scheduled meeting with Mr. Squires to purportedly discuss budgets. Instead, Mr. Nero was met by Mr. Squires, Ms. DuFrane, Ms. Packard, and Julia Hamburger, Human Resources representative. While avoiding eye contact, Mr. Squires quickly and nervously read a prepared statement, terminating the employment of Mr. Nero due to false allegations regarding Mr. Nero's job performance.

## STATEMENT OF CLAIMS

### COUNT I:

### DISCRIMINATION UNDER THE ADA (42 U.S.C. 12112(a))

39. Mr. Nero incorporates by reference and realleges each allegation set forth above.

40. Mr. Nero suffers from a physical or mental impairment that substantially limits one or more major life activities, including, but not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, reading, concentrating, thinking, communicating, working, and the operation of a major bodily function (respiratory).

41. Mr. Nero has a lengthy record of his impairment since the date he sustained his injuries on March 11, 2010.

42. Defendant and its employees regard Mr. Nero as having an impairment.

43. Mr. Nero was able to perform the essential functions of this job with or without reasonable accommodation.

44. Defendant, by and through Ms. DuFrane, discriminated against Mr. Nero on the basis of his disability in regard to false disciplinary action taken against Mr. Nero in August 2019 and the termination of Mr. Nero's employment on October 29, 2019.

45. Due to Ms. DuFrane's actions, Mr. Nero suffered lost wages and benefits, emotional distress, anxiety, stress, embarrassment, humiliation, pain, suffering, damage to his reputation, and loss of enjoyment of life.

## COUNT II:

## RETALIATION UNDER THE ADA (42 U.S.C. § 12203(a))

46. Mr. Nero incorporates by reference and realleges each allegation set forth above.

47. Defendant, by and through Ms. DuFrane, retaliated and/or discriminated against Mr. Nero because Mr. Nero reported Ms. DuFrane's comment about his handicap parking space to Mr. Squires and Human Resources.

48. Since that time, Ms. DuFrane escalated her retaliatory conduct toward Mr. Nero, including verbal abuse, unfounded disciplinary action, and, ultimately, termination of employment.

49. Ms. DuFrane's actions were intentional and performed with malice and/or reckless indifference to Mr. Nero's federally protected civil rights.

50. Due to Ms. DuFrane's actions and her decision to terminate him, Mr. Nero suffered lost wages and benefits, emotional distress, anxiety, stress, embarrassment, humiliation, pain, suffering, damage to his reputation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, Terrance J. Nero, respectfully requests that this Court:

A. Enter judgment in his favor and against Defendant, Highwoods Properties, Inc.;

B. Declare the acts and practices complained of herein are in violation of Mr. Nero's rights as secured by the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*;

C. Enjoin Defendant from engaging in such unlawful employment practice;

D. Order such affirmative action as may be appropriate, including, but not limited to, reinstatement or, in the alternative, awarding Mr. Nero front pay;

E. Award all back pay and benefits, including salary increases, commissions, bonuses, vacation pay, and health insurance, and an additional amount as liquidated damages, with interest on same running from October 29, 2019 until the date a final judgment is entered for him;

F. Award reasonable attorneys' fees, reasonable expert witness fees, and costs;

G. Award a separate amount to offset the adverse tax effects of lump sum payments of damages and/or back or front pay;

H. Award pre- and post-judgment interest on any monetary award; and

I. Award all other such equitable relief as may be appropriate to effectuate the purposes of 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

**TERRANCE J. NERO**
*Plaintiff*

By: _____/s/_____
James B. Thorsen, Esq.
VSB No. 18113
Jesse A. Roche, Esq.
VSB No. 82579
Attorneys for Terrance J. Nero
THORSENALLEN LLP
5413 Patterson Avenue, Suite 201
P. O. Box 17094
Richmond, Virginia 23226
Telephone: (804) 447-7234
Facsimile: (804) 447-7813
E-mail: jthorsen@thorsenallen.com
E-mail: jroche@thorsenallen.com